Carol A. CHRISTOPHERSON,
Plaintiff,

v.

William J. HENDERSON, Postmaster
General, Defendant.

No. 3:99CV490–J–25TJC.

United States District Court,
M.D. Florida,
Jacksonville Division.

July 27, 2001.

Thomas A. Delegal, III, Delegal Law Offices, P.A., Jacksonville, FL, for Carol A. Christopherson.

Reginald Luster, Robin E. Gerstein, U.S. Attorney's Office, Middle District of Florida, Jacksonville, FL, Cara M. Ceballos-Snyder, U.S. Postal Service, Office of Field Legal Services, Atlanta, GA, for William J. Henderson.

## ORDER

ADAMS, District Judge.

This cause is before the Court on Defendant's Rule 49 Motion and Memorandum of Law for Judgment (Dkt.78) and Plaintiff's response (Dkt.79). Upon consideration, the Court finds as follows:

This matter was tried before a jury on March 5, 7, 8, and 9, 2001. On March 9, 2001, the jury returned a verdict form that answered both of the following questions in the negative:

2. [Do you find from the preponderance of the evidence] that the Plaintiff was denied her request for a reasonable accommodation that would permit the Plaintiff to use a hearing dog[?]

3. [Do you find from the preponderance of the evidence] that the Defendant violated the Rehabilitation Act by failing to partake in an interactive process regarding the provision of a visual fire alarm and a system to inform Plaintiff of announcements[?]

Despite instructions on the verdict form that stated that the jury should not proceed any further if it had answered no to both of the preceeding questions, the jury answered the remaining questions on the verdict form.

The jury answered no to the question of whether the Plaintiff's disability was a substantial or motivating factor that prompted the Defendant to take that action. Again, despite instructions telling the jury to stop if it had answered no, the jury continued. In response to the next question, the jury awarded the Plaintiff $23,000 for lost wages and benefits.

After reading the verdict, the Court announced to the parties that the jury had returned an inconsistent verdict. The

Court did not publish the verdict. The Court then reviewed the verdict form and instructions with the jury and sent the jury back to reconsider its verdict. After deliberation, the jury returned with a new verdict. This time the jury answered yes to question 2, set out above, and yes to whether the Plaintiff's disability was a substantial or motivating factor that prompted the Defendant to take that action. The jury then awarded Plaintiff $23,000 for lost wages and benefits. After dismissing the jury the Court advised the parties of the jury's decision in the first verdict form and gave the parties time to file motions based on the verdicts.

■ Defendant has moved to enter judgment on the first verdict. Defendant argues that the first verdict was not inconsistent. The jury's answer to all of the questions regarding liability are consistent. Thus, Defendant argues the award of compensatory damages is simply surplusage. In determining whether a jury's answers to a special verdict are inconsistent,

> the Seventh Amendment demands that, if there is a view of the case which makes the jury's answers consistent, this Court must adopt that view. It does not matter whether [the appellant] can suggest equally plausible reasons for the verdict that would require reversal. The test to be applied in reconciling apparent conflicts between the jury's answers is whether the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted ...

*Technical Resource Services, Inc. v. Dornier Medical Systems, Inc.*, 134 F.3d 1458, 1464 (11th Cir.1998) (quoting *Aquachem Co., Inc. v. Olin Corp.*, 699 F.2d 516, 521 (11th Cir.1983)). Furthermore, "it is the duty of the courts to attempt to harmonize the answers; if it is possible under a fair reading of them: 'Where there is a view of the case that makes the jury's answers to

special interrogatories consistent, they must be resolved that way.'" *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 119, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963) (quoting *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962)).

In support of his argument in favor of entering judgment based on the first verdict, Defendant primarily relies on two cases, *Cashie v. Harris Corp.*, 742 F.Supp. 1133 (M.D.Fla.1990), and *McCollum v. Stahl*, 579 F.2d 869 (4th Cir.1978). The facts in *McCollum* are very similar to the facts presently before the Court. The jury in *McCollum* initially returned with a verdict that found no liability but, nonetheless, awarded damages to the plaintiff. 579 F.2d at 870. The district court sent the jury back to reconsider its answers on the verdict form. *Id.* The jury then returned with a verdict that found liability on the part of the defendant and awarded damages. *Id.* at 871. The Fourth Circuit agreed with the defendant and held that it was error for the trial court to resubmit the matter to the jury. *Id.* The Fourth Circuit further found that the first verdict was decisive because it contained an unequivocal finding that the defendant had done nothing wrong. *Id.* Thus, the Fourth Circuit found that the response to the interrogatory regarding the amount of damages constituted surplusage and should be disregarded. *Id.*

This Court is unaware of any Eleventh Circuit case directly on point and the Court finds the reasoning in *McCollum* persuasive. In this case the jury, despite ignoring the directions of the Court and the directions on the verdict form, returned a verdict consistent with a finding of no liability. Every answer to every factual question clearly and decisively showed that the jury did not believe that Defendant had acted unlawfully. Once the

jury reached that conclusion it should not have answered the questions as to Plaintiff's damages. However, the mere fact that the jury did answer those questions does not render the first verdict inconsistent.

 In response to Defendant's motion, Plaintiff argues that it is not improper to resubmit an inconsistent verdict to the jury. However, as set out above, if there is a view of the case that makes the verdict consistent, the Court must adopt that view. Thus, because the Court finds that the verdict was consistent, there was no need for the Court to resubmit the matter to the jury. Plaintiff also argues that Defendant waived any rights it had to challenge the re-submission by failing to object at the time the verdict was rendered. However, the Court did not publish the first verdict until after the jury had returned with its second verdict; thus, neither party knew of the nature of the inconsistencies at the time of the first verdict. Furthermore, the Court explicitly gave the parties fifteen days to file any motions regarding the verdicts and Defendant timely filed the instant motion. Thus, the Court finds that Defendant did not waive its objections to the re-submission of the matter to the jury.

Based on the foregoing, the Court finds that it is appropriate to enter judgment on the first verdict. Accordingly, it is

**ORDERED:**

Defendant's Rule 49 Motion and Memorandum of Law for Judgment (Dkt.78) is **GRANTED.** The Clerk is directed to enter a final judgment in this matter in favor of Defendant.